**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD C. HENNING, | CASE NO. 5:13-cv-00443 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | |
| DOMINIC CHIRCO, et. al., | [Docket Item No. 21] |
| Defendant(s). | |

Presently before the court in this action under the Americans With Disabilities Act, 42 U.S.C. § 12101 et. seq., is Plaintiff Richard C. Henning's ("Plaintiff") Motion to Enforce a Settlement Agreement.  See Docket Item No. 21.  Plaintiff contends the parties settled this action at a court-sponsored mediation on November 18, 2013, and contemporaneously executed a term sheet that would later be expanded into a settlement agreement.  Plaintiff's counsel drafted the agreement, revised it at Defendants' direction, obtained Plaintiff's signature on the document and forwarded it Defendant's counsel.  Defendant, ultimately, did not sign the document.  Instead, Plaintiff's counsel was contacted by an attorney on Defendant's behalf to renegotiate the amount due.  This motion was filed shortly thereafter.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  Defendant did not file written opposition to the motion, and the time for filing an opposition has passed.  See Civ. L.R. 7-3(a).

1   Having carefully reviewed Plaintiff's motion in conjunction with the settlement documents,[1] and
2   considering the absence of opposition, the court finds as follows:

3   1.  The term sheet executed subsequent to the mediation on November 18, 2013, is a
4       complete agreement and no material facts remain in dispute.  See <u>Maynard v. City of</u>
5       <u>San Jose</u>, 37 F.3d 1396, 1401 (9th Cir. 1994).  Both parties have agreed to the terms
6       of the settlement as evidenced by the signatures on the settlement documents.  See
7       <u>Harrop v. Western Airlines, Inc.</u>, 550 F.2d 1143, 1144-45 (9th Cir. 1977).

8   2.  As to the settlement agreement drafted by Plaintiff's counsel, its terms are consistent
9       with that of the term sheet, and it may be enforced even without Defendant's
10      signature on the document.  See <u>Doi v. Halekulani Corp.</u>, 276 F.3d 1131, 1139-40
11      (9th Cir. 2002).

12  Accordingly, Plaintiff's Motion to Enforce the Settlement Agreement is GRANTED.

13  In order to ensure compliance with the terms of the settlement, the parties are ordered to
14  appear on **July 18, 2014, at 10:00 a.m.** to show cause why the case should not be dismissed as
15  contemplated by the settlement agreement.  On or before **July 11, 2014,** the parties shall file a joint
16  statement in response to this Order to Show Cause setting forth the status of payment due under the
17  settlement agreement and indicating when this case can be dismissed.  If payment according to the
18  settlement agreement is not made before July 18, 2014, Defendant should also be prepared to show
19  cause why the court should not impose any and all appropriate sanctions, including monetary
20  sanctions, for failure to comply.

21  The Order to Show Cause shall be automatically vacated and the parties relieved of the
22  obligation to file a joint statement if a stipulated dismissal is filed on or before **July 11, 2014.**

23  **IT IS SO ORDERED.**

24  Dated:  May 21, 2014

    _____
    EDWARD J. DAVILA
    United States District Judge

---

[1] Plaintiff's motion to file the settlement documents under seal (Docket Item No. 26) is GRANTED.